JOSEPH H. HARRINGTON
Acting United States Attorney
Eastern District of Washington
Scott Jones
Assistant United States Attorney
JEFFREY H. WOOD
Acting Assistant Attorney General
Environment & Natural Resources Division
Karla G. Perrin
Special Assistant United States Attorney
Thomas Franzinger
Trial Attorney
Environmental Crimes Section
U.S. Department of Justice

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 16 2017

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. **4:17-CR-6020-SMJ** |
| Plaintiff, | INDICTMENT |
| vs. | Ct. 1: Conspiracy to Commit Wire Fraud<br>18 U.S.C. § 1349 |
| HECTOR M. GARZA JR.,<br>TAMMY L. GARZA,<br>HTG TRUCKING LLC,<br>HTG TRINITY TRANSPORTS LLC,<br>and FREEDOM FUEL INC., | Ct. 2: Conspiracy to Defraud the Government – False Claims<br>18 U.S.C. § 286<br><br>Cts. 3-14: Wire Fraud<br>18 U.S.C. § 1343 |
| Defendants. | Ct. 15: Obstruction of Justice<br>18 U.S.C. § 1503<br><br>Ct. 16: Felon in Possession of Ammunition<br>18 U.S.C. § 922(g)(1)<br><br>Forfeiture Allegation |

INDICTMENT - 1

The Grand Jury charges:

## Count 1
### (Conspiracy to Commit Wire Fraud)

**A.  Introduction**

1. HECTOR M. GARZA JR., under the name Hector Garza, was the registered agent of HTG TRUCKING LLC and was also listed as one of the governing members in its corporate filings.

2. HECTOR M. GARZA JR., under the name Hector Garza, was the registered agent of HTG TRINITY TRANSPORTS LLC and was also listed as one of the governing members in its corporate filings.

3. HECTOR M. GARZA JR., under the name Hector Garza, was the registered agent and president of FREEDOM FUEL INC. and was also listed as one of the governing members in its corporate filings.

4. TAMMY L. GARZA was listed as a governing person in corporate filings for HTG TRUCKING LLC, HTG TRINITY TRANSPORTS LLC, and FREEDOM FUEL INC.

5. HECTOR M. GARZA JR. and TAMMY L. GARZA operated HTG TRUCKING LLC, HTG TRINITY TRANSPORTS LLC, and FREEDOM FUEL INC. from facilities in Richland, Washington, Othello, Washington, and other locations within the Eastern District of Washington.

INDICTMENT - 2

6. Gen-X Energy Group Inc. (Gen-X) was headquartered in Pasco, Washington, and operated a renewable fuel production facility in Moses Lake, Washington. Both Pasco and Moses Lake are within the Eastern District of Washington.

**B.    Legal Background**

7. The Energy Independence and Security Act of 2007 (the Act) required the Environmental Protection Agency (EPA) and the Internal Revenue Service (IRS), an agency of the United States Treasury, to encourage the production and use of renewable fuel in the United States. Specifically, the Act directed these agencies to write regulations and administer tax credits to ensure an increase in the amount of such fuel through a mandate that applied to petroleum refiners and importers and a taxpayer-funded incentive program.

8. Since May 2007, federal law required petroleum refiners and importers to have renewable fuel in their product mixes. Petroleum refiners and importers, known as obligated parties, could meet this obligation by purchasing credits from renewable fuel producers like Gen-X. These credits were called renewable identification numbers or "RINs."

9. Renewable fuel producers could generate RINs by producing qualifying renewable fuels in compliance with EPA regulations. The producers could sell the

INDICTMENT - 3

RINs to obligated parties or middlemen, often by selling a volume of renewable fuel with a number of RINs assigned or attached to that volume on a per gallon basis.

10.  Alternatively, under EPA regulations, there were circumstances that allowed a RIN owner to separate RINs from the volume of renewable fuel to which they had been assigned. After separation, RINs could be bought and sold without buying and selling the associated fuel, as long as the fuel was also sold to a legitimate party for an EPA-approved use. From then on, however, the RIN-stripped renewable fuel could never be used to generate more RINs. It is illegal to generate RINs more than once for any given volume of renewable fuel.

11.  Since July 1, 2010, RINs have been generated, recorded, and stored electronically through the EPA's Moderated Transaction System (EMTS). Each RIN-generation event was submitted via the internet. Each RIN-generation event was logged in EMTS with a unique log identification number and each RIN-generating facility was assigned a unique production facility identification number.

12.  Separately, IRS administered an incentive program to increase the amount of renewable fuel through the tax code. If producers of liquid fuel derived from biomass complied with IRS rules, they could apply for and receive a tax credit of $0.50 per gallon sold. This was known as the Alternative Fuel Credit and was paid to producers by the U.S. Department of Treasury.

//
//
INDICTMENT - 4

## C. The Conspiracy

13. From in or about January 2013 until in or about April 2013, in the Eastern District of Washington and elsewhere, Defendants HECTOR M. GARZA JR., TAMMY L. GARZA, HTG TRUCKING LLC, HTG TRINITY TRANSPORTS LLC, FREEDOM FUEL INC., and other unnamed conspirators did knowingly and willfully combine, conspire, confederate, and agree to commit wire fraud, in violation of 18 U.S.C. § 1343.

## D. Object of the Conspiracy

14. The object of the conspiracy was to fraudulently claim the production of renewable fuel at the Gen-X facilities and to then generate RINs through the online EMTS system. In reality, the conspirators either produced no renewable fuel at the Gen-X facilities or they caused existing fuel or material to be reprocessed through the facilities multiple times. Because RINs must be based on the production of new fuel and cannot be generated repeatedly for the same fuel, the conspirators fraudulently generated, and caused to be generated, RINs and then sold, and caused the sale of, the fraudulently-generated RINs to obtain proceeds to which Gen-X and the conspirators were not entitled by using wire transmissions in interstate commerce.

## E. Manner and Means of Conspiracy

15. The conspirators used the following means and methods to carry out the conspiracy and achieve its unlawful object, among others:

INDICTMENT - 5

  a. It was a part of the conspiracy that HECTOR M. GARZA JR., TAMMY L. GARZA, HTG TRUCKING LLC, HTG TRINITY TRANSPORTS LLC, FREEDOM FUEL INC., and other conspirators participated in a scheme, known as "rounding," whereby the same material was processed multiple times at the Gen-X facility and RINs were fraudulently generated each time the material was reprocessed.

  b. It was further a part of the conspiracy that HECTOR M. GARZA JR., TAMMY L. GARZA, and other conspirators used HTG TRUCKING LLC to sell and transport the material to be converted into renewable fuel ("feedstock") to Gen-X. HECTOR M. GARZA JR. and TAMMY L. GARZA then used FREEDOM FUEL INC. to purchase Gen-X's the supposedly-created renewable fuel ("product.") HECTOR M. GARZA JR., TAMMY L. GARZA, and other conspirators then repeatedly returned or "rounded" the same material back to HTG TRUCKING LLC and sold it again to Gen-X as a "feedstock," knowing it was the same material previously purchased by FREEDOM FUEL INC. as "product." The purpose of these transactions was to create the appearance of legitimate business activity. Thus, rather than generating new renewable fuel with each batch of feedstock, the same product was simply being re-circulated among HTG TRUCKING LLC, Gen-X, and FREEDOM FUEL INC.

  c. It was further a part of the conspiracy that HECTOR M. GARZA JR., TAMMY L. GARZA, and other conspirators hired and paid truck drivers through

INDICTMENT - 6

HTG TRUCKING LLC, HTG TRINITY TRANSPORTS LLC, and FREEDOM FUEL INC. to transport the "feedstock" and the "product" to and from the Gen-X facility.

  d. It was further a part of the conspiracy that HECTOR M. GARZA JR., TAMMY L. GARZA, and other conspirators created fictitious and false records, including: (i) fictitious and false invoices between HTG TRUCKING LLC and Gen-X purporting to show the purchase and transport of feedstock needed for the production of advanced biofuel; (ii) fictitious and false invoices between FREEDOM FUEL INC. and Gen-X purporting to show the purchase of renewable fuel; and (iii) fictitious and false bills of lading purporting to show the transportation of feedstock and renewable fuel by tanker truck.

  e. It was further a part of the conspiracy that HECTOR M. GARZA JR. and TAMMY L. GARZA received approximately $936,816 from Gen-X for the purchase of "feedstock" from HTG TRUCKING LLC when, in fact, no actual feedstock was being purchased by Gen-X or supplied by HECTOR M. GARZA JR., TAMMY L. GARZA, or HTG TRUCKING LLC.

  f. It was further a part of the conspiracy that HECTOR M. GARZA JR. and TAMMY L. GARZA delivered approximately $646,267 to Gen-X from a bank account registered to FREEDOM FUEL INC. for the purchase of "product" or

INDICTMENT - 7

renewable fuel when, in fact, no newly produced renewable fuel was being sold to HECTOR M. GARZA, JR., TAMMY L. GARZA, or FREEDOM FUEL INC.

      g.    It was further a part of the conspiracy that prior to selling the "product" to FREEDOM FUEL INC., Gen-X caused RINs to be electronically generated through EMTS based on the gallons of renewable fuel and then separated the RINs from the renewable fuel. The RINs were sold separately to a different Gen-X customer and the RIN-stripped fuel was sold on paper to FREEDOM FUEL INC. HECTOR M. GARZA JR., TAMMY L. GARZA, and the other conspirators participated in this scheme knowing that its true purpose was to defraud those purchasing RINs from Gen-X and the United States Government.

      h.    It was further a part of the conspiracy that HECTOR M. GARZA JR., TAMMY L. GARZA, and other conspirators fraudulently generated and caused to be generated approximately 1,000,000 RINs that were based on renewable fuel that was either never produced or was merely reprocessed at the Gen-X facilities.

      i.    It was further a part of the conspiracy that the conspirators caused a third-party broker to send approximately $296,000 through wire transmissions in interstate commerce to Gen-X for the purchase of fraudulently-generated RINs.

      j.    It was further part of the conspiracy that HECTOR M. GARZA JR., TAMMY L. GARZA, and other conspirators agreed that the proceeds from the sale of fraudulently-generated RINs would be divided into two equal shares, with one

INDICTMENT - 8

share distributed to Gen-X and the other share to HECTOR M. GARZA JR. and TAMMY L. GARZA. Accordingly, Gen-X gave approximately $148,000 to HECTOR M. GARZA JR. and TAMMY L. GARZA.

All in violation of 18 U.S.C. § 1349.

## Count 2
### (Conspiracy to Defraud the Government – False Claims)

16. Paragraphs 1 through 12 and 15 of this Indictment are incorporated here.

**A.  The Conspiracy**

17. Between in or about January 2013, and continuing until in or about April 2013, in the Eastern District of Washington and elsewhere, Defendants HECTOR M. GARZA JR., TAMMY L. GARZA, HTG TRUCKING LLC, HTG TRINITY TRANSPORTS LLC, FREEDOM FUEL INC., and other conspirators, knowingly agreed, combined, and conspired to defraud the United States, in violation of 18 U.S.C. § 286, by obtaining and causing others to obtain the payment and allowance of false, fictitious, and fraudulent claims.

**B.  Object of the Conspiracy**

18. The object of the conspiracy was to prepare and file tax refund claims, specifically IRS Forms 8849, Claims for Refund of Excise Taxes, with associated Schedule 3 Forms. These forms contained false, fictitious, and fraudulent information designed to cause the IRS to issue tax refunds and credits to Gen-X. Further, it was an

INDICTMENT - 9

object of the conspiracy that HECTOR M. GARZA JR., TAMMY L. GARZA, and other conspirators shared in the fraudulently-obtained proceeds issued to Gen-X.

### C.   Manner and Means of Conspiracy

19.   The conspirators used the following means and methods to carry out the conspiracy and achieve its unlawful object, among others:

a.   It was a part of the conspiracy that between in or about January 2013 and in or about April 2013, HECTOR M. GARZA JR., TAMMY L. GARZA, and other conspirators fraudulently bought and sold approximately 569,092 gallons of renewable fuel through FREEDOM FUEL INC., HTG TRUCKING LLC, and Gen-X using the circular scheme described in Count One, Paragraph 15(b) of the Indictment.

b.   It was part of the conspiracy that HECTOR M. GARZA JR., TAMMY L. GARZA, and other conspirators made and presented, and caused others to make and present IRS Forms 8849 Claims for Refund of Excise Taxes with associated Schedule 3 Forms, upon and against the United States Department of the Treasury, Internal Revenue Service, knowing such claims to be false, fictitious, and fraudulent in that the Schedule 3 Forms asserted that Gen-X produced "liquid fuel derived from biomass," when, as HECTOR M. GARZA JR., TAMMY L. GARZA, and the other conspirators well knew, Gen-X produced no such qualifying renewable fuel and that HECTOR M. GARZA JR. and TAMMY L. GARZA simply recirculated

INDICTMENT - 10

the material from FREEDOM FUEL INC. as the purchaser of such fuel through HTG TRUCKING LLC and back to Gen-X to be reprocessed.

      c.      It was further a part of the conspiracy that HECTOR M. GARZA, JR., TAMMY L. GARZA, and other conspirators caused Gen-X to apply to the IRS for the Alternative Fuel Tax Credit based on approximately 569,092 gallons of renewable fuel that was never produced and thus never sold.

      d.      It was further a part of the conspiracy that HECTOR M. GARZA JR., TAMMY L. GARZA, and other conspirators caused the IRS to send Gen-X approximately $284,546, based on Gen-X's fraudulent claims for Alternative Fuel Tax Credits for renewable fuel. As they had agreed, Gen-X gave HECTOR M. GARZA JR. and TAMMY L. GARZA approximately $142,273, or one-half of the proceeds from the fraudulent claims.

All in violation of 18 U.S.C. § 286.

### Counts 3 – 14
### (Wire Fraud)

**A.    Scheme and Artifice**

20.    From in or about January 2013 and continuing to in or about April 2013, in the Eastern District of Washington and elsewhere, Defendants HECTOR M. GARZA JR. and TAMMY L. GARZA devised and intended to devise a scheme to defraud, and to obtain money by means of materially false and fraudulent pretenses and representations.

INDICTMENT - 11

## B. Manner and Means

21. The allegations in the Manner and Means Section set forth in Count One (Conspiracy to Commit Wire Fraud) (Paragraph 15) and Count Two (Conspiracy to Defraud the Government – False Claims) (Paragraph 19) are incorporated here.

## C. Execution of Scheme

22. On or about the dates set forth below, in the Eastern District of Washington and elsewhere, Defendants HECTOR M. GARZA JR. and TAMMY L. GARZA, for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| 3 | March 6, 2013, 3:54 PM | E-mail to Gen-X, with fraudulent invoices for the purported sale of feedstock to Gen-X attached. |
| 4 | March 6, 2013, 4:43 PM | E-mail to Gen-X, with fraudulent invoices for the purported sale of feedstock to Gen-X attached. |
| 5 | March 15, 2013, 2:46 PM | E-mail to Gen-X, containing information on truck loads and invoices for the purported sale and transport of feedstock to Gen-X and the purchase of renewable fuel from Gen-X. |

INDICTMENT - 12

| | | |
|---|---|---|
| 6 | March 18, 2013, 8:28 AM | E-mail to Gen-X, containing information on weigh scale tickets for the purported sale and transport of feedstock to Gen-X. |
| 7 | March 20, 2013, 7:56 PM | E-mail to Gen-X, with fraudulent invoices for freight charges for purported sale of feedstock to Gen-X attached. |
| 8 | March 20, 2013, 7:59 PM | E-mail to Gen-X, with fraudulent invoices for the purported sale of feedstock to Gen-X attached. |
| 9 | March 20, 2013, 8:01 PM | E-mail to Gen-X, with fraudulent invoices for the purported sale of feedstock to Gen-X attached. |
| 10 | March 20, 2013, 8:03 PM | E-mail to Gen-X, with fraudulent invoices for the purported sale of feedstock to Gen-X attached. |
| 11 | March 20, 2013, 8:06 PM | E-mail to Gen-X, with accounting reports for the purported sale and transport of feedstock to Gen-X and the purchase of renewable fuel from Gen-X attached. |
| 12 | April 3, 2013, 5:25 PM | E-mail to Gen-X, with accounting reports for the purported sale and transport of feedstock to Gen-X and the purchase of renewable fuel from Gen-X attached. |
| 13 | April 10, 2013 1:15 AM | E-mail to Gen-X, containing information on invoices and exchange of payments in support of scheme, with fraudulent invoices and accounting reports for the |

INDICTMENT - 13

| | | |
|---|---|---|
| | | purported sale and transport of feedstock to Gen-X and the purchase of renewable fuel from Gen-X attached. |
| 14 | April 25, 2013, 7:24 PM | E-mail to Gen-X, containing information on invoices and exchange of payments in support of scheme, with accounting reports for the purported sale and transport of feedstock to Gen-X and the purchase of renewable fuel from Gen-X attached. |

## Count 15
### (Obstruction of Justice)

23.  On or about November 24, 2015, in the Eastern District of Washington, Defendants HECTOR M. GARZA JR. and TAMMY L. GARZA, did corruptly influence, obstruct, and impede, and endeavor to influence, obstruct, and impede, a federal grand jury in the Eastern District of Washington by knowingly submitting falsified records, documents, and tangible objects, specifically, invoices, receipts, and bills of lading for the sale and transport of feedstock for renewable fuel and the purchase and transport of renewable fuel, in order to disguise that such sales and purchases were part of a fraudulent scheme, as described in Counts One and Two, and did aid and abet the same.

All in violation of 18 U.S.C. §§ 1503 and 2.

//
//
//

INDICTMENT - 14

## Count 16
### (Possession of Ammunition by a Felon)

24. On or about April 7, 2016, in the Eastern District of Washington, the defendant HECTOR M. GARZA JR., having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce, ammunition, that is:

| Caliber | Manufacturer | Model | Quantity |
|---|---|---|---|
| 0.223 | Hornady | 55 Grain FMJ Brass | 100 |
| 0.223 | Hornady | 55 Grain SP Brass Training | 94 |
| 0.223 | Winchester | Super X 64 Grain | 20 |
| 0.223 | Ultramax | Nosler Ballistic Tip 55 Grain | 50 |
| 5.56 | Winchester | 55 Grain FMJ | 80 |
| 12 Gauge | Royal Buck | 2.75" 00 Buck | 10 |
| 12 Gauge | Federal | 3" Mag | 13 |
| 12 Gauge | Remington | 2.75" 70mm | 3 |
| 12 Gauge | Winchester | 2.75" Upland Heavy Game | 5 |
| 12 Gauge | Kent | 2.75" Ultimate Traditional Upland | 3 |
| 12 Gauge | Federal | 2.75" Field & Target 1 1/8oz 8 shot | 54 |
| 12 Gauge | Federal | 2.75" Field 7 1/2 shot | 14 |
| 12 Gauge | Winchester | 3" XPERT 1 1/4oz 2 shot | 10 |
| 12 Gauge | Winchester | 2.75" Universal 1 1/8oz 7 1/2 shot | 13 |
| 22LR | CCI | Mini-Mag 40 Grain | 100 |
| 22LR | Remington | Golden Bullet 40 Grain | 160 |
| 30-06 | Winchester | Super X 150 Grain | 204 |
| 30-06 | PPU | FMJ 150 Grain | 50 |
| 380 Auto | Winchester | 95 Grain FMJ | 33 |
| 7.62 x 39 | Herter's | 154 Grain SP Steel Cased | 220 |
| 7.62 x 39 | TulAmmo | 122 Grain FMJ Steel Cased | 60 |
| 7.62 x 39 | Wolf | 122 Gain FMJ Steel Cased | 55 |
| 7.62 x 39 | Remington | 123 Grain Metal Case | 20 |
| 7.62 x 39 | Remington | Express Rifle 125 Grain PSP | 2 |
| 9mm Luger | American Eagle | 115 Grain FMJ | 200 |
| 9mm Luger | Loose | Misc | 118 |

INDICTMENT - 15

that had been shipped and transported in interstate commerce.

All in violation of 18 U.S.C. § 922(g)(1).

## Notice of Criminal Forfeiture Allegations

## Felon in Possession of Ammunition

1. The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant 18 U.S.C. § 924(d)(l) and 28 U.S.C. § 2461(c).

2. Pursuant to 18 U.S.C. § 924(d)(l) and 28 U.S.C. § 2461(c), upon conviction of an offense in violation of 18 U.S.C. § 922(g)(1), as set forth in this Indictment, Defendant, HECTOR M. GARZA, JR., shall forfeit to the United States of America, any ammunition involved or used in the commission of the offense, including, but not limited to:

| Caliber | Manufacturer | Model | Quantity |
| --- | --- | --- | --- |
| 0.223 | Hornady | 55 Grain FMJ Brass | 100 |
| 0.223 | Hornady | 55 Grain SP Brass Training | 94 |
| 0.223 | Winchester | Super X 64 Grain | 20 |
| 0.223 | Ultramax | Nosler Ballistic Tip 55 Grain | 50 |
| 5.56 | Winchester | 55 Grain FMJ | 80 |
| 12 Gauge | Royal Buck | 2.75" 00 Buck | 10 |
| 12 Gauge | Federal | 3" Mag | 13 |
| 12 Gauge | Remington | 2.75" 70mm | 3 |
| 12 Gauge | Winchester | 2.75" Upland Heavy Game | 5 |
| 12 Gauge | Kent | 2.75" Ultimate Traditional Upland | 3 |
| 12 Gauge | Federal | 2.75" Field & Target 1 1/8oz 8 shot | 54 |
| 12 Gauge | Federal | 2.75" Field 7 1/2 shot | 14 |
| 12 Gauge | Winchester | 3" XPERT 1 1/4oz 2 shot | 10 |
| 12 Gauge | Winchester | 2.75" Universal 1 1/8oz 7 1/2 shot | 13 |
| 22LR | CCI | Mini-Mag 40 Grain | 100 |

INDICTMENT - 16

| 22LR | Remington | Golden Bullet 40 Grain | 160 |
|---|---|---|---|
| 30-06 | Winchester | Super X 150 Grain | 204 |
| 30-06 | PPU | FMJ 150 Grain | 50 |
| 380 Auto | Winchester | 95 Grain FMJ | 33 |
| 7.62 x 39 | Herter's | 154 Grain SP Steel Cased | 220 |
| 7.62 x 39 | TulAmmo | 122 Grain FMJ Steel Cased | 60 |
| 7.62 x 39 | Wolf | 122 Gain FMJ Steel Cased | 55 |
| 7.62 x 39 | Remington | 123 Grain Metal Case | 20 |
| 7.62 x 39 | Remington | Express Rifle 125 Grain PSP | 2 |
| 9mm Luger | American Eagle | 115 Grain FMJ | 200 |
| 9mm Luger | Loose | Misc | 118 |

### Wire Fraud

3. The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

4. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of an offense(s) in violation of 18 U.S.C. §§ 1343 and 1349, as set forth in this Indictment, the Defendants HECTOR M. GARZA JR., TAMMY L. GARZA, HTG TRUCKING LLC, HTG TRININTY TRANSPORTS LLC, and FREEDOM FUEL INC., shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s). The property to be forfeited includes, but is not limited to the following:

MONEY JUDGMENT

A sum of money equal to $351,056.50 in United States currency, representing the total amount of proceeds obtained as a result of the wire fraud offenses.

INDICTMENT - 17

3. If any of the property described above, as a result of any act or omission of the Defendant(s):

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

DATED this 16 day of May 2017.

A TRUE BILL

Forep

JOSEPH H. HARRINGTON
Acting United States Attorney

JEFFREY H. WOOD  FOR
Acting Assistant Attorney General
Environment & Natural Resources Division

SCOTT JONES
Assistant United States Attorney

INDICTMENT - 18

_(signature)_
KARLA G. PERRIN
Special Assistant United States Attorney

_(signature)_
THOMAS FRANZINGER
Trial Attorney
Environmental Crimes Section
Environment & Natural Resources Division

INDICTMENT - 19